UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
SAEED M. COUSAR                          :
                                         :
        Petitioner,                      :     Case No. 3:20-cv-7014 (BRM)
                                         :
    v.                                   :
                                         :
ATTORNEY GENERAL OF THE STATE            :     **MEMORANDUM & ORDER TO SHOW**
OF NEW JERSEY, et al.,                   :     **CAUSE**
                                         :
        Respondents.                     :
_____:

**THIS MATTER** is opened to this Court on Petitioner Saeed M. Cousar's ("Petitioner" or "Cousar") petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (*See* ECF 1 & 2.) Petitioner has filed an application to proceed *in forma pauperis* (*see* ECF 1-1), which is granted. This Court must also screen the habeas petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons explained in this memorandum and order, Petitioner must show cause why his habeas petition should not be dismissed as a mixed petition under the Antiterrorism Effective Death Penalty Act ("AEDPA").

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

After a jury trial, Petitioner was convicted of third-degree theft by deception and third-degree theft of identity. (*See* ECF 1 at 2-3.) He was sentenced to ten years imprisonment with a five-year period of parole ineligibility. (*See id.* at 2.) Petitioner raised the following claims on direct appeal to the New Jersey Superior Court, Appellate Division:

---

[1] Only the facts and history related to this memorandum and order are recited herein.

POINT I
THE SLEW OF HIGHLY DETAILED AND IRRELEVANT EVIDENCE OF PRIOR CONVICTIONS WAS INADMISSIBLE, CAUSED UNDUE PREJUDICE, AND NECESSITATES REVERSAL OF DEFENDANT'S CONVICTIONS.
A. INTRODUCTION
B. BECAUSE THERE WAS NO VALID NON-PROPENSITY PURPOSE FOR THE ADMISSION OF THIS EVIDENCE, IT FAILED TO MEET THE FIRST PRONG FOR ADMISSIBILITY UNDER COFIELD.
    I. Because Motive, Absence Of Mistake, Opportunity, And Knowledge Were Irrelevant To The Case, They Could Not Provide A Basis For The Admission Of The Other-Bad-Act Evidence.
    II. The Other-Bad-Act Evidence Did Not Meet The Strict Requirements To Be Admissible To Demonstrate Common Scheme Or Identity.
C. BECAUSE THE VOLUME AND DETAIL OF THE EVIDENCE RENDERED ITS PREJUDICIAL IMPACT GREATER THAN ITS PROBATIVE VALUE, IT FAILED TO MEET THE FOURTH PRONG FOR ADMISSIBILITY UNDER COFIELD.
D. THE ADMISSION OF THE FACT DEFENDANT'S PRIOR BAD ACTS RESULTED IN CONVICTIONS WAS INAPPROPRIATE AND UNDULY PREJUDICIAL.
E. THE FAILURE TO GIVE A [N.J.R.E.] 404(B) CHARGE THAT CLEARLY EXPLAINED THE PERMISSIBLE USE OF THE PRIOR-BAD-ACT EVIDENCE NECESSITATES REVERSAL.
F. CONCLUSION.

POINT II
THE PROSECUTOR COMMITTED MISCONDUCT WHEN, IN SUMMATION, HE PRESENTED AN INFLAMMATORY DISPLAY: A PUZZLE, MADE UP OF PIECES OF EVIDENCE THAT, WHEN COMPLETE, CONSTITUTE DEFENDANT'S FACE. (NOT RAISED BELOW).

POINT III
THE IDENTIFICATION OF DEFENDANT FROM THE SURVEILLANCE STILLS WAS IMPROPER AND NECESSITATES REVERSAL OF HIS CONVICTIONS. (NOT RAISED BELOW).

> POINT IV
> EVEN IF NONE OF THE ERRORS WOULD BE SUFFICIENT
> TO WARRANT REVERSAL, THE CUMULATIVE IMPACT OF
> THOSE ERRORS DENIED DEFENDANT DUE PROCESS AND
> A FAIR TRIAL. (NOT RAISED BELOW).
>
> POINT V
> DEFENDANT'S SENTENCE IS EXCESSIVE AND THE
> IMPOSITION OF A DISCRETIONARY PAROLE
> DISQUALIFIER UNCONSTITUTIONAL

*State v. Cousar*, No. A-2214-17T3, 2019 WL 6522383, at *1 (N.J. Super. Ct. App. Div. Dec. 4, 2019), *cert. denied*, 241 N.J. 328, 228 A.3d 214 (2020) (footnote omitted). The Appellate Division affirmed the judgment of conviction. *See id*. The New Jersey Supreme Court denied certification. *See State v. Cousar*, 228 A.3d 214. Petitioner did not seek a writ of certiorari to the United States Supreme Court, nor did he file a post-conviction relief petition in state court. (*See* ECF 1 at 4.)

This Court received Petitioner's federal habeas petition in June 2020. Petitioner raises eighteen claims in his habeas petition. While some of these claims were clearly raised during Petitioner's direct appeal, it appears many others were not. By way of example only, Petitioner federal habeas petition also includes the following claims amongst others:

1. Petitioner stood trial on an indictment based on perjured testimony (Claim Ten)
2. There was insufficient evidence to convict him (Claim 11)
3. *Brady* violation (Claim 13)
4. Prosecutorial misconduct during opening and guilt phases of trial (Claim 14)
5. Somerset Prosecutor's Office was without jurisdiction to prosecute Petitioner in Somerset County (Claim 17)

**II.  LEGAL STANDARD AND DECISION**

Under AEDPA, this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion

is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). In sum, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir.1976)); *see also Gould v. Ricci*, No.10-1399, 2011 WL 6756920, at *2 (D.N.J. Dec. 19, 2011) (explaining same). The exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground raised in the petition to all three levels of the New Jersey courts, the Law Division, the Appellate Division, and the New Jersey Supreme Court.

Normally, a district court may dismiss a mixed petition (one containing both exhausted and unexhausted claims) without prejudice, *see Rhines v. Weber*, 544 U.S. 269. 274 (2005), but a stay and abeyance may be appropriate when a dismissal without prejudice would cause a petitioner to run afoul of the habeas statute of limitations and lose his opportunity to seek federal habeas review. *See id.* at 275-76. As the Supreme Court instructed in *Rhines*, "stay and abeyance is . . . appropriate

when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. If a stay is not warranted, then the petitioner may elect to delete the unexhausted claims. *See Gould v. Ricci*, No. 10-1399, 2011 WL 6756920, at *3 (D.N.J. Dec. 19, 2011). If he does not delete the unexhausted claims, then the Court must either: (a) dismiss the entire § 2254 petition as unexhausted, *see id.* (citing *Rose v. Lundy*, 455 U.S. 509 (1982)); or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2) which states "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See, e.g., Carrascosa v. McGuire*, 520 F.3d 249, 255 (3d Cir. 2008).

Many of Petitioner's claims appear to be unexhausted. Petitioner shall be given thirty (30) days to inform this Court which of the claims in his habeas petition are duly exhausted. To the extent any of his claims are unexhausted, Petitioner may either delete these claims or request a stay to exhaust the claims in state court.[2] Petitioner's failure to respond to this order to show cause may result in a dismissal of his entire habeas petition without prejudice as mixed.

Accordingly,

**IT IS** on this 14th day of October 2020,

**ORDERED** Petitioner's application to proceed *in forma pauperis* (ECF 1-1) is **GRANTED**; and it is further

---

[2] If Petitioner seeks a stay, he must establish good cause for his failure to exhaust, show his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 278.

5

**ORDERED** Petitioner shall show cause in writing within thirty (30) days of the date of this order why the habeas petition (ECF 1 & 2) should not be dismissed as a mixed petition; and it is further

**ORDERED** within thirty (30) days of the date of this order, Petitioner shall inform this Court which of his claims are unexhausted; to the extent claims are unexhausted, Petitioner may choose to either: (1) withdraw his unexhausted claims and have this Court rule on his exhausted claims; or (2) seek a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005); and it is further

**ORDERED** if Petitioner fails to respond to this order, this Court will dismiss the habeas petition without prejudice as a mixed petition; and it is further

**ORDERED** the Clerk shall serve a copy of this order on Petitioner by regular U.S. mail.

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**