UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SAEED M. COUSAR,**<br><br>Petitioner,<br><br>v.<br><br>**THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,**<br><br>Respondents. | Civil Action No. 20-7014 (ZNQ)<br><br><br>**MEMORANDUM ORDER** |

Petitioner Saeed M. Cousar moves this Court for release on bond pursuant to 18 U.S.C. § 3142 pending review of his petition for federal habeas relief under 28 U.S.C. § 2254. (ECF No. 14.) For the reasons that follow, this Court will deny Petitioner's motion.

## I. BACKGROUND

On June 23, 2017, a state court entered a judgment of conviction against Petitioner for third-degree theft by deception and third-degree theft of identity. (*See* ECF No. 1, at 2–3.) The court sentenced Petitioner to ten years imprisonment with a five-year period of parole ineligibility. (*See id.* at 2.)

After appealing his conviction and pursuing post-conviction relief in state court, Petitioner filed a federal habeas petition with this Court on June 3, 2020. (ECF No. 1.) With his habeas petition still pending, on May 13, 2021, Petitioner filed the instant emergency motion for release on bond. (ECF No. 14.) In his motion, Petitioner asserts that release on bond is appropriate because his habeas petition is meritorious, he is not a flight risk or danger to the community, and the ongoing COVID-19 pandemic presents exceptional circumstances warranting his release. (*See id.*) Respondents have not opposed the motion.

## II. LEGAL STANDARD

"The standards for release and for bail set forth in 18 U.S.C. §§ 3141-3152, . . . and the cases construing these provisions, are irrelevant to the release by federal courts of state prisoners." *United States ex. rel. Thomas v. New Jersey*, 472 F.2d 735, 741 (3d Cir. 1973). That is because habeas corpus is a civil proceeding and those provisions "deal with federal criminal proceedings only." *Id.*

Instead, "the authority for a district court to grant bail to a state prisoner pending review of a federal habeas petition is found in 28 U.S.C. § 2254." *Kennedy v. Mason*, No. 20-3512, 2021 WL 106378, at *1 n.1 (E.D. Pa. Jan. 11, 2021) (citing *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992)). Under that section, the grant of release on bail is appropriate only where: (1) the petitioner has raised "substantial constitutional claims upon which he has a high probability of success"; and (2) "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *See Landano*, 970 F.2d at 1239. This "standard reflects the recognition that a preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding." *Id.* As such, "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impeding completion of the prisoner's sentence." *Id.*

## III. ANALYSIS

In the present case, Petitioner moves this Court for release on bond pursuant to 18 U.S.C. § 3142. (*See* ECF No. 14.) As noted above, however, Section 3142 is not applicable to this civil habeas proceeding involving a state prisoner. *See Thomas*, 472 F.2d at 741. Because the Petitioner is proceeding *pro se*, the Court will liberally construe Petitioner's motion as a request for release on bond pursuant to the Court's authority under 28 U.S.C. § 2254. *See Landano*, 970 F.2d at 1239. Nevertheless, the Court will deny Petitioner's motion because he fails to demonstrate that

2

extraordinary circumstances exist and that his constitutional claims have a high probability of success.

### A. Extraordinary Circumstances

Petitioner fails to demonstrate that extraordinary circumstances exist that would warrant his release on bail pending review of his habeas petition. The thrust of Petitioner's argument is that the COVID-19 pandemic, by its very nature, is sufficient to support a finding of extraordinary circumstances. (*See* ECF No. 14, at 1.) However, this is not the case. *See, e.g.*, *Oscar P.C. v. Tsoukaris*, No. 20-5622, 2020 WL 4915626, at *7, 10, 13 (D.N.J. Aug. 21, 2020) (applying the "extraordinary circumstances" test for bail to an immigration detainee's motion for release from detention pending resolution of his habeas petition pursuant to 28 U.S.C. § 2241 and finding that the detainee's concerns about COVID-19 did not constitute an extraordinary circumstance, even where the detainee provided evidentiary support that he had a medical condition that may render him more vulnerable than the average person); *Kennedy*, 2021 WL 106378, at *2 ("Even in consideration of the COVID-19 pandemic, [petitioner's] bare allegations that he suffers from high blood pressure and kidney disease fail to meet the high burden of establishing an extraordinary or exceptional circumstance that makes the grant of bail necessary here."). Thus, the COVID-19 pandemic, by itself, is insufficient to support a finding of extraordinary circumstances. *See Oscar P.C.*, 2020 WL 4915626 at *10, 13; *Kennedy*, 2021 WL 106378, at *2.

Moreover, although Petitioner attaches medical records to his motion that appear to indicate that he suffers, to some degree, from poor health, Petitioner fails to draw any connection between his specific medical conditions and a risk of a severe outcome from COVID-19. (*See* ECF No. 14, at 1.) Nor does he describe any symptoms that he suffers as a result of his conditions or allege that he is receiving inadequate medical attention while in custody. (*See id.*) For these

reasons, Petitioner fails to demonstrate an extraordinary circumstance warranting his release on bail. *See Oscar P.C.*, 2020 WL 4915626 at *10, 13; *Kennedy*, 2021 WL 106378, at *3–4.

### B. Probability of Success

Even if Petitioner could show extraordinary circumstances, his request for release on bail still fails because he has not shown a probability of success on the merits of his habeas corpus petition. It is Petitioner's burden of showing that his habeas claims have a high probability of success. *Singleton v. Piazz*, No. 05-6685, 2006 WL 2520581, at *3 (E.D. Pa. Aug. 25, 2006.) On this point, however, Petitioner's motion merely states that his habeas petition has "strong merit" and that "there is actual evidence that his Fourteenth Amendment rights under the U.S. Constitution [were] violated." (*See* ECF No. 14, at 1.) Petitioner fails to explain what that evidence is or why his claims otherwise have merit. Petitioner's bare assertions are not enough to convince this Court that his habeas petition has a high probability of success. *See Singleton*, 2006 WL 2520581, at *3. Accordingly, this Court will deny Petitioner's emergency motion for release on bond.

**THEREFORE, IT IS** on this 30th day of August 2021,

**ORDERED** that Petitioner's emergency motion for release on bond (ECF No. 14) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular mail.

/s/ Zahid N. Quraishi
**Zahid N. Quraishi**
**United States District Judge**